09-2233-cv(L)
Jay Dees Inc. v. Defense Technology Systems Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of December, two thousand ten.

Present:
        RALPH K. WINTER,
        GUIDO CALABRESI,
        ROBERT A. KATZMANN,
                *Circuit Judges*.

_____

JOHN SCOTTO,

        *Plaintiff-Appellant-Cross-Appellee*,

JAY DEES, INC., STEPHEN KEVELSON,
PHILLIP MARKS,

        *Plaintiffs-Cross-Appellees*,

        v.                    Nos. 09-2233-cv(L), 09-2300-cv(XAP),
                                        09-2468-cv(XAP)

JOHN BRADY, DANIEL McPHEE,

        *Defendants-Appellees-Cross-Appellants*,

DEFENSE TECHNOLOGY SYSTEMS INC.,

EDWARD McPHEE, PHILLIP RAUSCH,

  *Defendants-Appellees.*[*]

_____

| | |
|---|---|
| For Plaintiff-Appellant-Cross-Appellee: | RICHARD S. CIACCI, Rosenberg Feldman Smith, LLP, New York, NY |
| For Plaintiffs-Cross-Appellees: | STEVEN G. LEGUM, Carlucci & Legum, Mineola, NY |
| For Defendant-Appellee-Cross-Appellant John Brady: | RALPH P. FERRARA, Obermayer Rebmann Maxwell & Hippel LLP, Cherry Hill, NJ |
| For Defendant-Appellee-Cross-Appellant Daniel McPhee: | Daniel McPhee, *pro se*, Dix Hills, NY |

Appeal from a judgment of the United States District Court for the Southern District of New York (Hon. Thomas S. Zilly, *J.*, sitting by designation).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** and **REMANDED** in part.

Defendant-Appellee-Cross-Appellant John Brady appeals from a judgment of the district court (Hon. Thomas S. Zilly, *J.*, sitting by designation) entered on April 30, 2009 and reaffirmed on August 7, 2009, following a jury verdict holding defendants Brady, Daniel McPhee, and Defense Technology Systems Inc. ("Defense Tech," formerly known as DataWorld Solutions, Inc.) jointly and severally liable on claims for securities fraud in violation of the Securities

_____

[*] The Clerk of the Court is directed to amend the caption as set forth above.

Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder and for

New York common law fraud.[1]  In his cross-appeal, Plaintiff-Appellant-Cross-Appellee John

Scotto challenges an earlier order of the district court (Scheindlin, *J.*) that granted in part

defendants' motion for summary judgment and dismissed Scotto's federal securities fraud and

common-law fraud claims on the ground that Scotto failed to raise a genuine issue of material

fact that he suffered a net loss on his investment in Defense Tech's stock.[2]  We assume the

parties' familiarity with the underlying facts and the procedural history of this case, as well as the

issues on appeal.

Brady contends first that the district court erred by denying his motions for judgment as a

matter of law and his alternative motion for a new trial.  We review *de novo* a district court's

denial of a motion for judgment as a matter of law, "applying the same standards as the district

court."  *Advance Pharm., Inc. v. United States*, 391 F.3d 377, 390 (2d Cir. 2004).

> A district court may enter judgment as a matter of law against a party only if "there is no
> legally sufficient evidentiary basis for a reasonable jury to find for that party on that
> issue." . . . In assessing the sufficiency of evidence to support a jury verdict, we must
> view the record in the light most favorable to the opposing party, assuming all reasonable
> inferences were drawn and all credibility disputes resolved in its favor.  We will not set
> aside a judgment unless "(1) there is such a complete absence of evidence supporting the
> verdict that the jury's findings could only have been the result of sheer surmise and
> conjecture, or (2) there is such an overwhelming amount of evidence in favor of the
> movant that reasonable and fair minded [persons] could not arrive at a verdict against
> [it]."

*Id.* (citations omitted) (alterations in original).  The review of a district court's order denying a

---

[1] Although Defendant-Appellee-Cross-Appellant Daniel McPhee filed a *pro se* notice of appeal, he has submitted nothing further in support of his appeal.

[2] Following Judge Scheindlin's order resolving the defendants' summary judgment motion, the case was reassigned to Judge Zilly, visiting from the Western District of Washington.

new trial motion is for abuse of discretion. *Tesser v. Bd. of Educ.*, 370 F.3d 314, 320 (2d Cir. 2004). "A motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc.*, 290 F.3d 98, 106 (2d Cir. 2002) (internal quotation marks omitted).

Brady asserts that the jury's verdict lacked a basis in evidence with respect to each of the three claims asserted by Plaintiffs-Cross-Appellees Jay Dees, Inc. ("Jay Dees"), Stephen Kevelson, and Phillip Marks against Brady at trial, which were, respectively, that Brady (1) violated Section 10(b) of the Exchange Act, (2) violated Section 20(a) of the Exchange Act, and (3) committed fraud under New York common law. In evaluating Brady's challenge to the jury's verdict finding him liable on all claims, we have carefully reviewed the trial record to evaluate the sufficiency of the evidence as to each disputed element of each claim. This record includes testimony and documentary evidence that, when viewed in the light most sympathetic to the plaintiffs and resolving credibility disputes in plaintiffs' favor, supports the findings that:

- Brady induced John Scotto to invest in the Defense Tech by knowingly misrepresenting to him that, *inter alia*, the company could design and manufacture ballistic glass, when it in fact lacked the infrastructure and expertise to do so;

- Brady, in addition to telling Scotto that he controlled the company, was involved with recruiting members to sit on the company's advisory board and with preparing the company's press releases;

- Brady asked Scotto to spread the word to Scotto's relatives and friends that Defense Tech was a good stock;

- Jay Dees (through its principal and sole shareholder), Kevelson (through his adult son, whom he authorized to make investment decisions on his behalf), and Marks purchased their stock based at least in part on Scotto's communication to them of Brady's misrepresentations;

4

- in the months that followed, Brady and the other defendants arranged meetings, held a product demonstration, distributed a company brochure, and issued press releases that reinforced their prior misrepresentations as to the company's capabilities and introduced additional false and misleading statements relating to the company's financial situation, business relationships, infrastructure, and personnel;

- Brady sold his stock for a large profit and did not disclose this fact to Scotto, but rather claimed that he was a long-term investor in the company; and

- the decline in Defense Tech's stock price in July and August 2004 was attributable to the market's absorption of the truth that the company had no meaningful product, infrastructure, expertise, or business relationships.

Based on these and other aspects of the trial record, we conclude that, except to the limited extent described below, the district court did not err in denying Brady's motions for judgment as a matter of law or, alternatively, for a new trial.

For the following reasons, however, we vacate so much of the final judgment as awarded Kevelson $300,000 in compensatory damages and remand to the district court for the further proceedings described below. We conclude that the jury's award of $300,000 in compensatory damages to Kevelson must be vacated because it cannot be reconciled with the court's instructions of law on how such damages must be calculated, which neither party objected to below or challenges on appeal. The district court instructed that compensatory damages were to be determined based on the "actual damages sustained," which in turn are derived by calculating either:

(1) the difference between the actual purchase price and the true value at the time of purchase of the securities at issue; or

(2) the difference between the actual purchase price and either (i) the sale price of the securities at issue, or (ii) the value of any unsold securities at issue, reduced by any amount by which damages should have been mitigated . . . .

5

A. 56. According to the undisputed trial evidence of Kevelson's purchases and sales of Defense Tech stock, Kevelson's out-of-pocket investment was $306,152.44, and he sold all of his holdings in October 2006 for $7,387.47, thus resulting in a net loss of only $298,764.97. There was no basis for the jury to award Kevelson compensatory damages on either his federal or state-law claims in excess of his net loss on the investment. We thus vacate the final judgment insofar as it awarded Kevelson $300,000 in compensatory damages and remand for the district court to set an appropriate remittitur amount. This amount should be consistent with the undisputed evidence of Kevelson's purchases and sales of Defense Tech stock noted above and the court's instructions of law regarding the calculation of actual damages and any applicable reductions or limitations thereto.[3] If Kevelson does not agree to remit the portion of the verdict that is deemed excessive, he is entitled to a new trial on the issue of compensatory damages. *See Smith v. Lightning Bolt Prods., Inc.*, 861 F.2d 363, 375 (2d Cir. 1988).

We turn next to Brady's challenges to the district court's evidentiary rulings at trial. We review such rulings for abuse of discretion and note that "a new trial should be granted only if a substantial right of a party is affected[,] as when a jury's judgment would be swayed in a material fashion by the error." *Arlio v. Lively*, 474 F.3d 46, 51 (2d Cir. 2007).

---

[3] The district court also instructed the jury that with respect to the plaintiffs' first claim for violations of Section 10(b) of the Exchange Act, compensatory damages must be limited pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") based on the mean trading price of Defense Tech stock during the 90-day period following the date on which information correcting the underlying misrepresentations was disclosed. *See* 15 U.S.C. § 78u-4(e)(1). As noted above, we believe the evidence supports the jury's implicit finding that complete corrective disclosure did not take place until August 2004. This statutory limitation, however, is not material to the ultimate determination of Kevelson's compensatory damages given our affirmance of his liability on the common law fraud claim, which is not subject to the PSLRA's damages limitation.

Brady's principal claim of error in this regard is that the district court abused its discretion in refusing to admit proof of Scotto's prior California felony convictions for possession of a forged instrument and bribing a state liquor official, which were over ten years old at the time of trial. The admissibility of these convictions for purposes of impeachment is governed by Federal Rule of Evidence 609(b), which provides in relevant part that evidence of such a conviction is not admissible "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." We have on several previous occasions "recognized that Congress intended that convictions over ten years old be admitted very rarely and only in exceptional circumstances," *Zinman v. Black & Decker (U.S.), Inc.*, 983 F.2d 431, 434 (2d Cir. 1993) (internal quotation marks omitted), and here, we find no error in the district court's assessment that the probative value of Scotto's convictions did not substantially outweigh their prejudicial effect. To the extent that the district court denied Brady's request to introduce evidence of these convictions for non-impeachment purposes, we think this ruling was a proper exercise of the court's residual discretion, pursuant to Federal Rule of Evidence 403, to exclude evidence that is substantially less probative than prejudicial or confusing.

Independently, we can discern no indication that these rulings affected Brady's substantial rights. Evidence of the convictions would have been cumulative at best in light of the introduction at trial of the fact that Scotto was disbarred in several states, where these disbarments arose from the same convictions that Brady sought to introduce.

In addition, Brady contends that the district court, by admitting at trial documents purporting to show that Scotto had suffered a net loss on his investments, abused its discretion

7

given the court's prior ruling, in connection with Brady's summary judgment motion, that these documents were inadmissible. We find no reversible error in this regard. To the extent that the introduction of these documents at trial was erroneous, this error was harmless given the fact that by the time of trial, Scotto had already been dismissed as a plaintiff, so evidence relating to his losses was of extremely limited relevance to the remaining claims and defenses.

This leads us to consideration of Scotto's cross-appeal, which challenges the district court's dismissal of Scotto's claims following defendants' motion for summary judgment on the basis that Scotto suffered no net economic loss on his investment. We review the district court's grant of summary judgment *de novo*. *Okin v. Vill. of Cornwall-on-Hudson Police Dep't*, 577 F.3d 415, 427 (2d Cir. 2009). Summary judgment is warranted only where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). To the extent that Scotto challenges the district court's evidentiary rulings made in connection with its grant of summary judgment, we observe that "a district court deciding a summary judgment motion has broad discretion in choosing whether to admit evidence," and that "[t]he principles governing admissibility of evidence do not change on a motion for summary judgment." *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 264 (2d Cir. 2009) (internal quotation marks omitted).

Scotto first argues that the district court erred by excluding as inauthentic a document purporting to be a trading summary for Scotto's LH Ross brokerage account, which indicated that he incurred an aggregate loss on his Defense Tech stock holdings. "The trial court has broad discretion in determining whether an item of evidence has been properly authenticated, and we review its ruling only for abuse of discretion." *United States v. Dhinsa*, 243 F.3d 635, 658 (2d

8

Cir. 2001). Under Federal Rule of Evidence 901(a), "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." We have held that this rule is satisfied "if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity." *United States v. Pluta*, 176 F.3d 43, 49 (2d Cir. 1999) (internal quotation marks omitted).

In its well-reasoned Opinion and Order resolving the summary judgment motion, the district court set forth its bases for concluding that, as a matter of law, Scotto failed to establish the authenticity of the LH Ross trading summary. *Jay Dees Inc. v. Def. Tech. Sys., Inc.*, 2008 WL 4501652, at *6-7 (S.D.N.Y. Sept. 30, 2008). We find no abuse of discretion in that determination. We also agree with the district court's conclusion that Scotto could not meet his burden of establishing economic loss merely through his own testimony that he lost money on his Defense Tech investments. *Id.* at *7. The only other evidence offered by Scotto in support of his loss was an amended 2004 tax return, which reported the same losses indicated in the LH Ross trading summary. The district court did not explicitly address the admissibility or weight of this return in its summary judgment opinion, and Scotto claims on appeal that this evidence created a fact issue sufficient to satisfy his summary judgment burden. We disagree and instead conclude that the tax return, which Scotto offered for the proof of the losses reported therein, was inadmissible hearsay and thus could not suffice to establish his loss. *See, e.g.*, *Zeeman v. United States*, 275 F. Supp. 235, 256 n.8 (S.D.N.Y. 1967). Thus, because Scotto came forward with no admissible evidence to prove this essential element of his claims, the district court correctly granted summary judgment on that basis.

9

Finally, we reach Brady's argument that the district court erred in failing to make the findings mandated by the Private Securities Litigation Reform Act of 1995 ("PSLRA") following its dismissal of Scotto's claim and the entry of final judgment. The PSLRA provides in relevant part that "upon final adjudication of the [securities fraud] action, the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion," and then impose sanctions if it finds that Rule 11 has been violated. 15 U.S.C. § 78u-4(c)(1)-(2). Here, it is undisputed that the district court has made no such findings. Scotto's only response to this claim of error is to assert that he was not served with a copy of Brady's notice of appeal. Assuming *arguendo* that this notice was not properly served, we find any technical failure in this regard to be immaterial, as there can be no dispute that Scotto had actual notice of the arguments advanced by Brady on appeal, and in any event, "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal," Fed. R. App. P. 3(a)(2). We thus remand to the district court for the purpose of entering the specific findings regarding Rule 11 compliance that are required by the PSLRA.

We have considered the parties' remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

10